# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JAY DARDENNE, AS LIEUTENANT GOVERNOR OF THE STATE OF LOUISIANA AND AS COMMISSIONER OF THE LOUISIANA DEPARTMENT OF CULTURE, RECREATION AND TOURISM | CIVIL ACTION NO: _____ |
| VERSUS | SECTION: _____ |
| MOVEON.ORG CIVIL ACTION | MAGISTRATE JUDGE: _____ |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Jay Dardenne in his official capacity as Lieutenant Governor of the State of Louisiana (sometimes referred to herein as the "Lieutenant Governor") and as the Commissioner of the Louisiana Department of Culture, Recreation and Tourism (some times referred to herein as the "Department") (the Lieutenant Governor and the Department are sometimes referred to herein, collectively, as "Plaintiff"), who respectfully avers as follows:

1.

Made defendant herein is MoveOn.org Civil Action ("MoveOn.org"), a public benefit corporation, incorporated in the State of California.

2.

Plaintiff avers that MoveOn.org has sufficient minimum contacts with the State of Louisiana such that maintenance of the above-captioned matter in this Court and the application of the laws of the State of Louisiana to this defendant do not offend the traditional notions of fair play and substantial justice. Specifically, this action arises out of MoveOn.org's specific conduct within the State of Louisiana, which is causing irreparable harm to the Plaintiff.

3.

This Court has subject matter jurisdiction over this matter by virtue of the fact that the Plaintiff herein asserts a cause of action arising under federal law, namely the Lanham Act, found in 15 U.S.C § 1051 *et seq*.

4.

In addition to the federal claims asserted herein, Plaintiff asserts a cause of action under state law, namely La. R.S. 51:222 and 51:223.1, and as such, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. §1369, over the state court claims because said claims are so related to the federal claims as to form part of the same case or controversy.

5.

Plaintiff avers that this Court also has subject-matter jurisdiction over this action under 28 U.S.C. §1251(b)(3), inasmuch as this is an action by a department of the State of Louisiana against a citizen of another state.

6.

Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because substantially all of the events that give rise to this action, as alleged below, occurred within the geographic boundaries of the United States District Court for the Middle District of Louisiana. Specifically, such events

occurred in or around the city of Baton Rouge, Louisiana, and MoveOn.org is not a citizen of the State of Louisiana.

7.

The Office of the Lieutenant Governor is a constitutionally created office in the Executive Branch of the State of Louisiana pursuant to LSA-Const. Art. 4, §1. Pursuant to La. R.S. 36:201, the Department of Culture, Recreation and Tourism is within the Office of the Lieutenant Governor, and has the authority to sue and be sued.

8.

The Office of the Lieutenant Governor, with the assistance of consultants, created the service mark "LOUISIANA PICK YOUR PASSION LOGO: 'LOUISIANA IS IN PURPLE UPPERCASE LETTERS, WITH EXCLAMATION POINTS REPLACING EACH LETTER 'I'. 'PICK YOUR PASSION' IS IN RED, IN A MODIFIED CURSIVE FONT, ANGLED UPWARDS FROM LEFT TO RIGHT, BENEATH THE WORD 'LOUISIANA,'" (hereinafter referred to as the "State Service Mark") for use by the Office of the Lieutenant Governor and all agencies under that office, commenced use of the mark, and registered the same with the Louisiana Secretary of State's office on January 27, 2011, all as more fully shown in Exhibit A, which is attached hereto, made a part hereof, and incorporated herein by reference.

9.

The registration of the State Service Mark was made under the class names (a) Education and Entertainment, and (b) Advertising and Business.

10.

At the direction of the Lieutenant Governor, all agencies in the Office of the Lieutenant

Governor, including the Department of Culture, Recreation and Tourism began using the State Service Mark on January 26, 2011.

11.

The Louisiana Department of Culture, Recreation and Tourism registered the service mark: "Pick Your Passion," with the United States Patent and Trademark Office (hereinafter referred to as the "Federal Service Mark") (the Federal Service Mark and State Service Mark are hereinafter sometimes referred to, collectively, as the "Service Marks"), all as more fully shown as Exhibit B, which is attached hereto, made a part hereof, and incorporated herein by reference.

12.

The Lieutenant Governor conceived of the idea, obtained design input from consultants, approved, and then caused the Department of Culture, Recreation and Tourism to invest in, the Service Marks, to brand and promote Louisiana's tourism industry, the arts, artists, cultural institutions, state heritage, museums, parks, libraries, recreational activities, entertainment opportunities, festivals and historic sites to statewide, national and international audiences.

13.

Through the Office of the Lieutenant Governor and all of the agencies made a part of that office, including the Department of Culture, Recreation and Tourism, approximately $69,427,429.00 has been expended on the Louisiana Pick Your Passion marketing campaign to promote Louisiana culture, recreation and tourism, in accordance with La. R.S. 36:201 *et seq*.

14.

The Service Marks have been exclusively used by the Office of the Lieutenant Governor, the Department of Culture, Recreation and Tourism, and approved licensees that are contractually

obligated to help achieve the statutory mandates of the Office of the Lieutenant Governor and the Department of Culture, Recreation and Tourism.

15.

On or about March 4, 2014, without the permission or a license from the Lieutenant Governor or the Department, MoveOn.org caused a billboard to be placed along Interstate Highway 10 in Baton Rouge, Louisiana, that contains a substantial and colorable imitation of the Service Marks, all as more fully shown in Exhibit C, which is attached hereto, made a part hereof, and incorporated herein by reference (hereinafter referred to as the "Billboard").

16.

MoveOn.org is using the substantial and colorable imitation of the Service Marks to draw attention to a political statement directed at the Office of the Governor, to wit, the imitation of the Service Marks is incorporated into a political statement which reads as follows: "LOU!SIANA Pick your Passion! But hope you don't love your health. Gov. Jindal's denying Medicaid to 242,000 people." The Billboard also includes an exact copy in image of a plate of crawfish taken from the official website of the Department of Culture, Recreation and Tourism.

17.

The Department of Culture, Recreation and Tourism issued a written cease and desist demand to MoveOn.org wherein the Lieutenant Governor's concerns of unauthorized use and confusion were articulated, all of which is more fully shown in the letter dated March 5, 2014, a copy of which is attached hereto as Exhibit "D", made a part hereof and incorporated herein by reference. The cease and desist demand was rejected by MoveOn.org, all as more fully shown by the letter dated March 10, 2014, a copy of which is attached hereto as Exhibit "E", made a part hereof and

-5-

Case 3:14-cv-00150-SDD-SCR   Document 1   03/14/14   Page 5 of 11

incorporated herein by reference.

18.

In response to the Lieutenant Governor's cease and desist demand, on or about March 11, 2014, MoveOn.org began running a television advertisement (hereinafter, the "Television Commercial") in the Baton Rouge television market that includes a photograph of the Billboard which runs for approximately four seconds out of the thirty-three second video commercial. The commercial has also been posted on the internet via youtube.com and can be viewed at the following url address: https://www.youtube.com/watch?v=naEJNAauu2o (hereinafter, the "Youtube Video").

19.

Neither The Office of Lieutenant Governor nor the Department of Culture, Recreation and Tourism has ever granted permission to MoveOn.org to use the Service Marks or any imitation thereof in connection with the Billboard, the Television Commercial or the Youtube Video.

20.

The Lieutenant Governor is mindful of and respects the importance of the right to free speech secured by the First Amendment of the Constitution of the United States of America; however, the Billboard, the Television Commercial and the Youtube Video are each in violation of Louisiana and Federal Trademark laws, namely La. R.S. 51:222 and 51:223.1, and 15 U.S.C. §1051 *et seq.*

21.

The Office of the Lieutenant Governor has a protectable proprietary interest in the Service Marks, which is being infringed upon by MoveOn.org through the Billboard, the Television Commercial and the Youtube Video.

22.

The Service Marks is a suggestive mark that is inherently distinctive, and as such, deserves the protections of La. R.S. 51:222, 223 & 223.1, and 15 U.S.C. §1125.

23.

Plaintiff avers that the Billboard, the Television Commercial and the Youtube Video each constitute an infringement under Louisiana and Federal trademark laws because the colorable imitation of the Service Marks, together with the photograph of a plate of crawfish taken from the Department's website, is likely to cause confusion or mistake as to the origin of the message of the Billboard, and this infringement and the confusion caused thereby are damaging the Office of the Lieutenant Governor and the Department of Culture, Recreation and Tourism, in a manner not measurable in monetary terms.

24.

The extensive and exclusive use of the Service Marks by the Department for over three years has generated a recognizable brand associated with the Service Marks, which MoveOn.org is capitalizing on by drawing attention to its political statement through the use of the Service Marks which leads the reader to believe the message is a promotion by the Department of Culture, Recreation and Tourism, i.e. through confusion of the viewing public as to the source of the Billboard message. Given the limited time an advertiser has to catch the attention of a driver on the interstate highway (an average of six seconds), this represents an unreasonable and unauthorized misappropriation of the Service Marks to draw attention to the defendant's message.

25.

Louisiana and federal jurisprudence has provided that a parody is defined as an artistic work that imitates the characteristic style of an author. For the purposes of copyright and trademark law,

Case 3:14-cv-00150-SDD-SCR   Document 1   03/14/14   Page 7 of 11

the nub of the definitions, and the heart of any parodist's claim to quote from existing material, is the use of some elements of a prior author's composition to create a new one that, at least in part, comments on that author's works. Plaintiff avers that infringement of the Service Marks by MoveOn.org does not constitute parody under the fair-use doctrine because the subject of the parody, Governor Bobby Jindal, is not the author of the Service Marks, as is required.

26.

The Office of the Lieutenant Governor is a constitutionally created office in the Executive Branch of the State of Louisiana separate from the Office of the Governor. As such, the protectable proprietary interest is held by the Office of the Lieutenant Governor, and not the Office of the Governor.

27.

Alternatively, MoveOn.org is utilizing considerably more of the Service Marks than was necessary to achieve its parody so as to suggest affiliation, sponsorship, or endorsement of the Billboard by the Office of Lieutenant Governor.

28.

Plaintiff seeks to have this Court enjoin MoveOn.org from using colorable imitations of the Service Marks, in accordance with La. R.S. 51:223 and 15 U.S.C. §1116.

29.

Plaintiff avers that the Billboard Campaign will most likely tarnish and dilute the Service Marks and result in substantial and irreparable harm, injury, and damages to the Office of the Lieutenant Governor and the individuals and industries that benefit from the Service Marks.

30.

Plaintiff avers that the confusion and subsequent dilution of the Service Marks constitutes irreparable harm to the Office of the Lieutenant Governor.

31.

Plaintiff seeks to have this Court issue an order for the immediate removal of any portion of any billboard that uses a substantial and colorable imitation of the Service Marks by MoveOn.org or any television advertisement by MoveOn.org that uses a substantial and colorable imitation of the Service Marks. More specifically, the Plaintiff is entitled to injunctive relief prohibiting MoveOn.org from using anything other that the mere words contained in the Service Marks, thus prohibiting the use of the font style, the substitution of exclamation points for the letter "I" in the word "Louisiana", the copy of the photograph of the plate of crawfish taken from the Department's website, and art work and colors that are taken from the Service Marks.

**WHEREFORE, PLAINTIFF PRAYS** that a certified copy of this Complaint for Injunction be served upon the defendant, that it be cited to appear and answer the allegations herein and that after all legal delays and due proceedings are had herein, that there be judgment rendered in favor of Plaintiff and against defendant entering a permanent injunction:

(a) Prohibiting MoveOn.org from using anything other that the mere words contained in the Service Marks, thus prohibiting the use of the font style, the substitution of exclamation points for the letter "I" in the word "Louisiana", the copy of the photograph of the plate of crawfish taken from the Department's website, and art work and colors that are taken from the Service Marks.; and

(b) Mandating that MoveOn.org turn over all original templates and any copies of the colorable imitation of the Service Marks to either the Court or the Office of Lieutenant Governor for destruction.

**PLAINTIFF PRAYS FURTHER** that an Order be issued herein directed to the defendant, ordering it to appear and show cause, if any it can, at a date and time to be fixed by the Court, why

Case 3:14-cv-00150-SDD-SCR   Document 1   03/14/14   Page 9 of 11

a preliminary injunction should not be issued herein, to remain effective during the pendency of these proceedings:

    (a)    Prohibiting MoveOn.org from using anything other that the mere words contained in the Service Marks, thus prohibiting the use of the font style, the substitution of exclamation points for the letter "I" in the word "Louisiana", the copy of the photograph of the plate of crawfish taken from the Department's website, and art work and colors that are taken from the Service Marks; and

    (b)    Ordering the removal of all billboards or the portion thereof, or other reproduction of any image or the portion thereof that is a substantial and colorable imitation of the Service Marks from the public view.

**PLAINTIFF PRAYS FURTHER** that judgment be rendered herein awarding to Plaintiff reasonable attorney's fees and all costs of these proceedings, and for such additional relief to which petitioner may be entitled in the premises at law or in equity.

          **Respectfully submitted,**

      *S/ Dale R. Baringer*
      Dale R. Baringer, LSBA #02773
      James R. Bullman LSBA #35064
      **THE BARINGER LAW FIRM, L.L.C.**
      201 St. Charles Street
      Baton Rouge, LA 70802-6095
      Telephone: (225) 383-9953
      Facsimile:  (225) 387-3198
      *Attorneys for Jay Dardenne, Lieutenant Governor of the State of Louisiana*

**ISSUANCE OF SUMMONS TO:**
MoveOn.org Civil Action
*Through its Registered Agent*
David Levitt
235 Montgomery St.,
Suite 1220
San Francisco, CA 94104

## VERIFICATION

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

BEFORE ME, the undersigned Notary Public, personally came and appeared:

JAY DARDENNE

who, after being first duly sworn, did depose that:

He is the Lieutenant Governor of the State of Louisiana, plaintiff's representative in the above and foregoing Complaint, and as such duly authorized to execute this verification; that he has read the petition and that all of the allegations of fact contained therein are true and correct to the best of his knowledge, information and belief.

_____
JAY DARDENNE

SWORN TO AND SUBSCRIBED before me, Notary, this 14th day of March, 2014, at Baton Rouge, Louisiana.

_____
Notary Public
Bar Roll No. 23752

-11-

Case 3:14-cv-00150-SDD-SCR   Document 1   03/14/14   Page 11 of 11